THE IMPORTERS AND TRADERS NATIONAL BANK OF THE CITY OF NEW YORK

*v.*

ISAAC LITTELL and wife et al.

A creditor's bill alleged that a certain mortgage given by the debtor to A and B was fraudulent, and was said to have been given to them as sureties on the debtor's bond as guardian, and the bill prayed discovery as to the condition of the ward's estate &c., and for an injunction to prevent the debtor from wasting his ward's estate or appropriating it to his own use, and for an accounting thereof from time to time, and also for discovery as to his insolvency.— *Held,* (1) that, as complainants were entitled to a discovery as to the consideration of the mortgage, they were also entitled to the discovery in the other particulars sought, as incidental thereto ; (2) that they were entitled to a discovery as to the debtor's insolvency, because his answer thereto may obviate any proof on that point ; (3) that some defendants, who are alleged to be par-

ticipants in the fraud and are therefore proper parties, cannot demur for multifariousness, or because they are called upon to discover transactions in the fraud done by other defendants.

Creditors' bill. On special demurrer to bill.

*Mr. W. T. Day*, for complainant.

*Mr. R. E. Chetwood*, for demurrants.

THE CHANCELLOR.

The bill states that the defendant, Isaac Littell, was, on or before the 1st day of February, 1884, the owner in fee of seven different tracts of land described in the bill ; that on or about the 1st day of March in that year, he was indebted to the complainant in the sum of $13,500 and upwards, for the recovery of which it then began a suit against him in the supreme court of this state, and afterwards and on or about the 6th of June, 1885, recovered a judgment against him in that court, for $14,687.85 damages and $55.97 costs ; that the judgment remaining unpaid, it issued execution, June 9th, 1885, against his goods and lands, which was returned wholly unsatisfied, and, on or about the 17th of June, 1885, the complainant issued two other like writs, one an *alias* and the other a *testatum*, the former to the sheriff of Union, and the latter to the sheriff of Middlesex ; that under the *alias* the sheriff of Union levied upon certain goods and chattels, but not enough to satisfy the execution ; and, being unable to find more, he then levied upon the first six of the tracts described in the bill ; and that under the *testatum* the sheriff of Middlesex, being unable to find any goods to levy upon in his county, levied upon the seventh tract ; that the first and second tracts described in the bill are worth about $8,000, the third about $5,000 (it is subject to a first mortgage held by Ebenezer Ludlow for $2,900), the fourth about $1,500 (it is encumbered by the taxes of ten years or more of the city of Rahway), the fifth and sixth, which are one property, about $1,500, and the seventh about $2,500 (it is subject to a first mortgage of

$1,000, held by Ebenezer Ludlow); and that on or about June 25th, 1884, Littell mortgaged all of the tracts to Daniel S. Scudder and Ebenezer Ludlow for $30,000, and the third, fourth and fifth tracts to Augusta Squire, trustee, for $2,000, and the first and second tracts to Adelaide Littell, by two mortgages, one for $1,675, and the other for $1,800, and that she, on the 26th of June, 1884, assigned the mortgage of $1,675 to Littell's wife, Phebe C. Littell. The bill charges that all those mortgages were without consideration and fraudulent, and made for the purpose of hindering, delaying and defeating the complainant in the collection of its debt due from Littell. It also states that afterwards, by deed dated February 6th, 1885, Littell and his wife conveyed the first and second tracts to Lewis P. Clark, for the consideration, as stated in the deed, of $6,000; that Littell, by deed dated the 11th day of the same month, conveyed the fourth tract to William Ryno, for the consideration, as stated in the deed, of $5,000; and, by deed dated the 10th of the same month, conveyed the fifth and sixth tracts to Ann E. Dunn, sister of his wife, for the consideration, according to the deed, of $2,000.

The bill charges that those deeds to Clark, Ryno and Dunn were all without consideration and fraudulent, and made to hinder, delay and defeat the complainant in the collection of its debt from Littell, and that if any money passed between the parties, on the making of those conveyances, it was by way of advance and not payment of purchase-money. The bill further states that the complainant is informed that Scudder and Ludlow, to whom the mortgage for $30,000 was given, are Littell's sureties in a guardian's bond given by him as guardian for several infant wards, and that it is pretended that that mortgage was given to secure them from loss by reason of such suretyship, and the bill prays that Littell may discover by whom and when he was appointed guardian; what are the ages and residences of the wards; what estate (showing in detail) he has in his hands as such guardian, and how it is held or invested, and in what manner and amounts it, or the income therefrom, is paid to or on account of the wards, and all other facts in reference to the management of the trust. The bill, averring that Littell is insolvent and would

not scruple, in order to defeat the complainant in the collection of its debt, to convert to his own use a part of the estate, leaving his sureties to collect any money they might be required to pay, out of the mortgage, claims that the complainant is entitled to an injunction restraining Littell from wasting or appropriating to his own use any part of the estate of the wards, and to an account from time to time in this court as to how he is fulfilling his trust, in order that the complainant's security under its judgment may be protected. It also states that the complainant has no certain knowledge or information as to the terms of the trust, if any, under which Augusta Squire holds the mortgage given to her as trustee, or who are the *cestuis que trust* thereunder; that the complainant has been informed that Augusta Squire, Abel V. Shotwell, Israel Vail, Harriet Vail and Sarah Marsh claim some interest under that mortgage, and it prays discovery on that head. It further states that Littell had, on or about the 28th of June, 1884, certain goods, which he then mortgaged to George W. Force for $1,200, and it charges that the mortgage was fraudulent, and that, if not, then Force, who has suffered Littell to possess and consume part of the mortgaged property since the making of the mortgage, should be compelled to credit the value of that part upon his mortgage, and it prays a discovery on that subject. It also states that under the *alias* execution the sheriff of Union levied upon the remaining goods.

The bill prays that the defendants may answer without oath, and especially that they may discover and set forth the real estate belonging to Littell. Also that Littell and his wife and Adelaide Littell, Scudder, Ludlow and Clark may make discovery as to the real estate conveyed to Clark; and that Littell, Scudder, Ludlow, Augusta Squire, Sarah Marsh, Abel V. Shotwell, Israel Vail, Harriet Vail, William Ryno and Ann E. Dunn may discover and set forth the real estate conveyed to Ryno and Dunn, as stated in the bill; what disposition has been made of it or what encumbrance put thereon; in whose possession it has been since March 1st, 1884, and whether it is encumbered, and if so, how, in whose favor, by whom, and to what amount; also that they may discover whether the conveyances

and mortgages mentioned in the bill were made of the real estate, and if so, for and upon what consideration, and to whom and when and by whom it was paid; and who has possessed and occupied the property and received the rents, issues and profits since such conveyances; and whether the defendants, or some of them, do not or did not, at some time heretofore, hold the property in trust for Littell or somebody else, and for whom; and if so, how the trusts were created or were manifested at the time of the filing of the bill, and when they were created or reduced to writing, if they have indeed been reduced to writing; and under what agreement, arrangement or understanding, express or implied, the conveyances of the lands and the mortgages were made or assigned to them, and with what intention; and what reason Littell gave to them for desiring them to take the conveyances and mortgages, and whether he is insolvent; and it prays that the defendants, or some of them, may be decreed to pay the complainant's judgment &c. &c.

Littell demurs specially to the bill, on the ground that the complainant is not entitled to a discovery as to the estate which he holds as guardian, nor to an injunction to restrain him from wasting or appropriating his ward's estate to his own use; nor to an accounting in regard to that estate from time to time; nor to a discovery as to whether he is insolvent, because, as he insists, the fact is immaterial.

It is clear that the complainant is entitled to a discovery as to the consideration of the $30,000 mortgage given by Littell to Scudder and Ludlow. It is said to have been given merely to indemnify them as his sureties against liability for him in his performance of his duty as guardian. It is highly important to the complainant to know whether such liability, in fact, exists at all, and if so, what is the extent thereof, and to that end the discovery sought is eminently desirable and necessary. The bill suggests that, if it shall prove that the mortgagees are indeed Littell's sureties, and are secured by the mortgage against loss from his misconduct in regard to the estate of his wards, and he is insolvent, he may be induced to appropriate some part of the estate to his own use, and so, for his own advantage and to the

prejudice of the complainant, throw a burden upon the mortgaged premises, which, as between it and him, they ought not to bear; and it insists that, in case the validity of the mortgage shall be established, the complainant will be entitled to the protection of. this court in the premises, and to an account, from time to time, of his dealings with and the condition of the trust estate or estates. This claim of a right to auxiliary equitable relief in a certain contingency, the establishment as valid of a mortgage attacked for fraud, whether such relief be by injunction or accounting, is not a ground of demurrer. The objection made to the call for an answer as to the insolvency of Littell is, that the bill is based upon the assumption of his insolvency and therefore the inquiry is irrelevant. It may be very important for the complainant to establish the fact of Littell's insolvency at the time when he made the mortgages and conveyances which are attacked by the bill, and the complainant has a right to call for an answer upon that head in order that it may be spared the necessity of adducing proof. *Reed* v. *Cumberland Ins. Co., 9 Stew. Eq. 393.* Whether the debtor is able to pay his debt or not, is a pertinent inquiry in a creditor's bill.

Phebe C. Littell, Adelaide Littell, Daniel S. Scudder and Ebenezer Ludlow demur upon the ground that the bill calls for an answer from them as to a transaction in which they are not shown to have taken any part or to be in any way interested, viz., the conveyance by Littell and wife to Clark, and that it calls for an answer from them as to the real estate of Littell. Also because it calls for answer from Scudder and Ludlow in reference to the real estate conveyed by Littell to Ryno and Dunn, and whether Littell is insolvent. The ground of objection is that the matters as to which inquiry is so made are immaterial and irrelevant and are not and cannot be within the knowledge of the demurrants. Phebe C. Littell, according to the bill, joined her husband in the deed to Clark. She is a proper defendant to a suit to set aside that deed for fraud. *Randolph* v. *Daly, 1 C. E. Gr. 313.* All the matters to which objection is made by her and her codemurrants are relevant, and it is enough to say that the demurrants are proper parties to the

Roake v. American Telephone Co.

suit and cannot object to the bill on the ground of multifarious-ness so long as the matters contained in the bill are pertinent to the imputed fraud. A complainant in a creditor's bill may prop-erly make every one a party who is a participator in the fraud. He has a right to do this for the purpose of discovery. *Robin-son* v. *Davis, 3 Stock. 302 ; Randolph* v. *Daly, ubi supra ; Mil-ler* v. *Jamison, 9 C. E. Gr. 41 ; Bermes* v. *Frick, 11 Stew. Eq. 88.* Obviously, all the answer that can be required of a defend-ant as to matters which are not within his knowledge, informa-tion, remembrance or belief, is an asseveration or averment that for that reason he cannot make discovery. The demurrers will be overruled.